## IN THE UNTIED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| AMY YOUNG, | : | CASE NO. 1:01CV2225 |
| Plaintiff-Appellant, | : | JUDGE NUGENT |
| v. | : | MAGISTRATE PERELMAN |
| HALLIBURTON, INC., | : | |
| Defendant-Appellee. | : | |

### PLAINTIFF'S MEMORANDUM CONTRA HALLIBURTON INC.'S MOTION TO DISMISS COMPLAINT

Now comes Plaintiff-Appellant, by and through her undersigned counsel, and respectfully requests this Court DENY Defendant-Appellee's Motion to Dismiss for reasons that are set forth in the attached Memorandum in Support.

RESPECTFULLY SUBMITTED,

Nicholas E. Kennedy (0070310)
The McGuire Law Office LPA
3040 Riverside Drive, Suite 103
Columbus, Ohio 43221
614-488-1161
614-488-5003 fax
Trial Attorney for Plaintiff

## **MEMORANDUM IN SUPPORT**

I. **INTRODUCTION**

On July 17, 2000 Plaintiff-Appellant (hereinafter "Appellant") filed a claim through Defendant-Appellee's (hereinafter "Appellee") Dispute Resolution Program concerning matters regarding her employment with Appellee. Appellant's Complaint at 4. On August 8, 2001, Appellant received the decision of the Arbitrator, which was in favor of Appellee. *Id.* at 5, see also Arbitrator's Decision and Award attached to Appellant's Complaint. On September 20, 2001, Appellant timely filed the instant action appealing the decision of the Arbitrator. This filing to the Court was completed by Appellant's counsel through the United States Postal Service. Exhibit 1, time stamped Complaint; Exhibit 2, Summons in a Civil Action. Upon receiving the file stamped copy of the Complaint, and Summons in a Civil Case, Appellant's counsel's secretary, Pamela McGuire, inadvertently failed to send a copy of such to Appellee. Exhibit 3, Affidavit of Pamela McGuire.

During the initial scheduled Case Management Conference held December 19, 2001 at 10:45 Appellant's undersigned counsel appeared via telephone. Through the Case Management Conference, Appellant and this Court determined that Appellant had inadvertently failed to send a copy of the Complaint to Appellee. That same day, Appellant sent to Appellee a copy of the Complaint and Summons, via certified mail. Exhibit 4, notice fax to Court. Shortly thereafter, Appellant received the certified Form 3811 indicating that Appellee had received the sent Complaint and Summons on December 26, 2001, which Appellant again provided to the Court via U.S. Mail. Exhibit 5, notice to Court with attached Form 3811.

2

## II. LAW AND ARGUMENT

A motion to dismiss for failure to state a claim upon which relief can be granted is a procedural device for testing the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 548. Civil Procedure Rule 12(B) provides that the moving party cannot rely on allegations or evidence outside the complaint. *Hanson* at 548, 605 N.E.2d at 381. The factual allegations within the Complaint, however, must be taken as true and all reasonable inferences must be drawn in favor of a nonmoving party. *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190. For this Court to grant a Civil Procedure Rule 12(B)(6) motion, it must appear "beyond doubt that the Plaintiffs can prove no set of facts in support of their claims which would entitle him to relief." *O'Brien v. University Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 245, 327 N.E.2d 753, 754-55, citing *Conley v. Gibson* (1957), 355 U.S. 41, 45, 78 S.Ct. 99, 101, 2 L. Ed. 2d 80. This test harmonizes with the purpose of notice pleading in Civ.R. 8(A), which requires only "a demand for judgment" and "a short and plain statement of the claim showing that the pleader is entitled to relief." *J.C. Penney Casualty Ins. Co. v. Professionals Ins. Co. of Ohio* (1990), 67 Ohio App.3d 167, 173.

The Ohio Supreme Court has often affirmed the stringent standard against Civil Procedure Rule 12 (B)(6) dismissals. A Civil Procedure Rule 12(B)(6) dismissal based on the merits is unusual and should be granted with caution. *State ex rel. Lindenschmidt v. Butler Cty. Bd. Of Commrs.* (1995), 72 Ohio St.3d 464; *State ex rel. Edwards v. Toledo City School Dist. Bd. Of Edn.* (1995) 72 Ohio St.3d 106. In resolving a Rule 12(B)(6) motion, this Court is confined to the averments set forth in the Complaint. *Id.* A pleader is not required to allege in the Complaint every fact he or she

intends to prove; such facts may not be available until after discovery. *York*, 60 Ohio St.3d at 144-145. Appellee argues that Appellant "failed to act within the statutory period," but, in truth, Appellant's counsel's secretary made a mistake, which amounts to excusable neglect and Appellant exercised due diligence in pursuing her appeal to this Court. Therefore, this Court should deny Defendants' Motion to Dismiss.

Appellee argues that since Appellant did not send a copy of the Complaint and Summons to Appellee, that Appellant should be precluded her appeal, despite the fact that she filed her appeal less than six (6) weeks after the Arbitrator's Decision. The failure to provide notice to Appellee was entirely inadvertent. Moreover, such a failure has not prejudiced Appellee in any way, nor has it placed Appellee in any a different position had it been given notice within three (3) months.

Although the Sixth Circuit has yet to decide a similar issue, the Second Circuit fashioned a "due diligence" exception to the three-month limit. In *Holodnak v. Avco Corp., 381 F. Supp. 191 (D.Conn.1974)*, rev'd in part on other grounds, *514 F.2d 285* (2d Cir.), cert. denied, *423 U.S. 892, 96 S. Ct. 188, 46 L. Ed. 2d 123 (1975)*, plaintiff filed his complaint in federal district court six days before the three-month period expired. When he learned that the marshal's office might not be able to serve the complaint promptly, plaintiff moved the court to allow service by some person specially appointed by the court. The court granted the motion, but service still did not occur until three months and one day after the arbitrator's award. In denying defendant's motion to dismiss the complaint for untimely service of process, the court excused plaintiff from compliance with 9 U.S.C. § 12 under the circumstances because of plaintiff's due diligence in securing a substitute means to perfect service within the time limit and the absence of any

4

prejudice to defendants as a result of the one-day delay. *Id. at 197*. Further, the Fourth Circuit has also adopted the "due diligence" exception in *Taylor v. Nelson, et al., 615 F. Supp. 533 (1985)*. The *Taylor* court denied Defendant-Appellee's Motion to Dismiss finding no evidence that Plaintiff-Appellant failed to move as expeditiously as possible throughout the litigation, stating "[s]uch a result would be manifestly unfair and unwarranted." *Id.* at 6.

In the instant matter, much akin to *Holodnak*, Appellant filed her Complaint well within the allotted three (3) months. Appellant moved as expeditiously as possible through to the Court. Appellant exercised due diligence by filing her Complaint as soon as was practically possible. In its Motion, Appellee did not provide the Court any information how this delay has caused it any prejudice. Appellant submits that this delay has caused Appellee absolutely no prejudice. Further, given Appellant's due diligence, timely filed Complaint, appearance at the Case Management Conference, and immediate notification to Appellee once the error was determined it would be manifestly unfair and unwarranted to dismiss Appellant's case due to a clerical error of Appellant's counsel's secretary.

## III. CONCLUSION

For the foregoing reasons, Appellant respectfully requests that this Court DENY Appellee's Motion to Dismiss.

RESPECTFULLY SUBMITTED,

Nicholas F. Kennedy (0070310)
The McGuire Law Office LPA
3040 Riverside Drive, Suite 103
Columbus, Ohio 43221
614-488-1161
614-488-5003 fax
Trial Attorney for Plaintiff

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing Plaintiff's Memorandum Contra Halliburton, Inc.'s Motion to Dismiss Complaint was served upon Jeremy R. Sayre of Baker & Hostetler at 3200 National City Center, 1900 East Ninth Street, Cleveland, Ohio 44114, by ordinary U.S. mail on this the 24th day of January, 2002.

Nicholas E. Kennedy (0070310)
Trial Attorney for Plaintiff